UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RICHARD LORA MOSQUETE**,<br><br>               Plaintiff,<br><br> -against-<br><br>**THE CITY OF NEW YORK, OFFICER RAFI J. RODRIGUEZ JOAQUIN, OFFICER LEJOE J. ENDANATTU, OFFICER LUIS DUMAN, OFFICER PARIS GIDDINS, SGT TIMOTHY J. MARX,**<br><br>               Defendants. | Case No.: 1:24-cv-01591-PAE<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Richard Lora Mosquete, by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD") who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York and committed torts actionable under the common laws and statutes of the State and New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 for violations of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws of the State and New York.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

4. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim with the New York City Comptroller and the Comptroller designated the claim as number 2023PI007077.

5. Plaintiff appeared for a hearing under New York State General Municipal Law § 50-h on May 18, 2023.

6. Plaintiff's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

## JURISDICTION & VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York because Plaintiff's claim arose in the County of New York.

## JURY DEMAND

8. Plaintiff demands a trial by jury.

## PARTIES

9. Plaintiff is, and was at all times relevant to this action, a resident of New York County in the State of New York.

10. Defendant the City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

11. Defendant the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

12. Defendant Rafi J. Rodriguez Joaquin (Shield No. 16988, Tax ID No. 970155) (hereinafter "Rodriguez Joaquin") was at all relevant times described herein an NYPD officer,

employed by the City of New York. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties. He is sued in his individual capacity.

13. Officer Rodriguez Joaquin is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

14. Officer Rodriguez Joaquin is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

15. Defendant Lejoe J. Endanattu (Shield No. 21018, Tax ID No. 971421) (hereinafter "Endanattu") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties. He is sued in his individual capacity.

16. Officer Endanattu is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

17. Officer Endanattu is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

18. Defendant Luis Duman (Shield No. 02742, Tax ID No. 972619) (hereinafter "Duman") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

19. Officer Duman is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

20. Officer Duman is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

21. Defendant Paris Giddins (Shield No. 24186, Tax ID No. 969736) (hereinafter "Giddins") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties. He is sued in his individual capacity.

22. Officer Giddins is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

23. Officer Giddins is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

24. Defendant Sergeant Timothy J. Marx (Shield No. 4847, Tax ID No. 937037) (hereinafter "Marx") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

25. Sergeant Marx is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

26. Sergeant Marx is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

27. Collectively Rodriguez Joaquin, Endanattu, Duman, Giddins, and Marx are referred to as the "Individual Defendants."

28. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and

employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

29. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

A. The December 6, 2022 Arrest

30. On December 5, 2022, Mr. Lora was renting a room in Apartment 31 of 711 West 180th Street, New York, New York, 10033. He lived in the apartment with several other people, including Dimas, the man to whom Mr. Lora paid rent, and a woman whose name is currently unknown. Several weeks prior, Dimas had also begun renting the living room to an older gentleman and his son.

31. Around 9:00 p.m., Dimas, the older gentleman, and Mr. Lora were in the apartment. The older gentleman was watching television loudly and Dimas asked him to turn it off; when the older gentleman refused, the two men got into a heated argument. Dimas asked the older gentleman to leave the apartment and the older gentleman refused and threatened Dimas.

32. In response, around 9:30 p.m., approximately four officers came to the apartment, spoke with Mr. Lora, Dimas, and the older gentleman, and left. After that, all three men went to their respective spaces/rooms in the apartment for bed.

33. Later that evening, the older gentleman's son came home, found out that the police had been called, and began questioning Mr. Lora and Dimas about why the police had been called. The son began threatening Mr. Lora, so Dimas called the police.

34. Around 1:00 a.m. on December 6, 2022, the Individual Defendants responded to the apartment, found Mr. Lora in his bedroom, and immediately detained him. When he asked why he was being detained, they told him to shut up and placed metal cuffs tightly on his wrists.

35. The Individual Defendants then grabbed Mr. Lora and forced him out of the apartment. He was not allowed to put on a jacket and was taken outside in the cold to be transported to the 34th Precinct.

36. Once at the precinct, Mr. Lora immediately told the officers he was not feeling well, as he was recovering from a bout of pneumonia, and was transported to Columbia-Presbyterian Hospital. During transport and while at the hospital, Mr. Lora's hands and feet were cuffed.

37. Mr. Lora remained in the hospital from 3:30 a.m. to 10:00 a.m., with hands and feet cuffed, and was treated for a cough and back pain. Upon his discharge, he was transported back to the 34th Precinct. He was eventually taken to Central Bookings and arraigned on the morning of December 7, 2022.

B. Health Treatment for Arrest-Induced Injuries

38. On December 12, 2022, Mr. Lora went to Harlem Hospital due to ankle pain and difficulty walking.

39. After several months of x-rays and complaints of pain in both ankles, on February 27, 2023, Mr. Lora was diagnosed with tendonitis and prescribed physical therapy.

40. After approximately three months of physical therapy, the use of over-the-counter pain medication, modified activity, and the use of leg braces, his pain only intermittently approved.

41. On May 30, 2023, Mr. Lora opted to have orthopedic surgery to repair the tendons in his left leg. On November 28, 2023, Mr. Lora had orthopedic surgery to repair the tendons on his right leg.

42. After both surgeries, Mr. Lora has undergone additional physical therapy and treatment to relieve the pain he has been experiencing since after his December 2022 arrest.

## THE INDIVIDUAL OFFICERS' HISTORY OF MISCONDUCT

43. Defendant Rodriquez Joaquin has a history of violating people's civil rights while employed by the NYPD, including one Civilian Complaint Review Board ("CCRB") complaint for physical force and applying handcuffs too tight.

44. Defendant Endanattu has a history of violating people's civil rights while employed by the NYPD, including one CCRB complaint for physical force.

45. Defendant Giddins has a history of violating people's civil rights while employed by the NYPD, including two CCRB complaints for physical force and abuse of authority, the latter of which was substantiated. Defendant Giddins is also a named Defendant in an ongoing civil lawsuit in New York County Supreme Court, *Shaquana Haynes-Ward v. The City of New York et al.*, Index No. 152357/2023.

46. Defendant Marx has a history of violating people's civil rights while employed by the NYPD, including nine CCRB complaints for physical force, abuse of authority, and discourtesy. Defendant Marx is also a named Defendant in an ongoing civil lawsuit in Bronx Supreme Court, *Alexcy de Los Angeles v. The City of New York et al.*, Index No. 802048/2023E.

47. Despite these repeated incidents of misconduct, the City of New York has failed to meaningfully discipline or properly supervise Defendants Rodriguez Joaquin, Endanattu, Giddins, and Marx.

## THE INJURIES TO PLAINTIFF

48. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person, that Plaintiff was forced to endure as a consequence of the Individual Defendants decidedly wrongful actions.

49. The Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages, as is the City of New York under the doctrine of *respondeat superior*.

50. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## FIRST CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

52. The Individual Defendants used physical force against Plaintiff.

53. Plaintiff's seizure and detention at the hands of the Individual Defendants was made in the absence of probable cause. The unwanted physical contact was therefore unlawful and unconstitutional.

54. Even assuming arguendo that Plaintiff's arrest was lawful, the Individual Defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff.

55. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to

be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

56. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

57. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

59. The Individual Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had opportunities to do so.

60. The Individual Defendants thereby displayed deliberate indifference to Plaintiffs rights, including Plaintiffs right to be free from unreasonable and unlawful searches and seizures.

61. The Individual Defendants also agreed among themselves and with other individuals to act in concert and thus conspired to deprive Plaintiff of clearly established civil rights.

62. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 USC § 1983.

63. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

64. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

### THIRD CLAIM FOR RELIEF:
### ASSAULT AGAINST THE INDIVIDUAL DEFENDANTS
### AND THE CITY OF NEW YORK

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. The Individual Defendants intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

67. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

68. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

69. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### FOURTH CLAIM FOR RELIEF:
### BATTERY AGAINST THE INDIVIDUAL DEFENDANTS
### AND THE CITY OF NEW YORK

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

71. The Individual Defendants intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff and handcuffed him without his

consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

72. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

73. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

74. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

75. Defendants and any damages they caused under the doctrine of *respondeat superior*.

**FIFTH CLAIM FOR RELIEF:
N.Y.C. ADMIN. CODE §§ 8-801 TO 8-807 AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK**

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77. Plaintiff's right to be free from unreasonable searches and seizures was violated by the conduct of the Individual Defendants.

78. The City of New York is liable as the employer of the Individual Defendants under New York City Administrative Code § 8-803(b).

79. Qualified immunity is no defense to this claim.

80. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

81. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## SIXTH CLAIM FOR RELIEF:
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING AGAINST THE CITY OF NEW YORK

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83. The City of New York negligently hired, screened, retained, supervised, and trained the Individual Defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

84. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

85. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

86. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## SEVENTH CLAIM FOR RELIEF:
### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

87. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

88. The Individual Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

89. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

90. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

91. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
April 11, 2024

Rickner PLLC

By: /s/ Sara Wolkensdorfer
Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*