UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD LORA MOSQUETE,

                    Plaintiff,                                    24 Civ. 1591 (PAE)

            -v-
                                                                 ORDER

THE CITY OF NEW YORK *et al.*,

                    Defendants.

---

PAUL A. ENGELMAYER, District Judge:

This order dismisses this case, without prejudice, due to plaintiff Richard Lora

Mosquete's failure to prosecute.

On February 3, 2026, Lora's counsel moved (1) to withdraw as his counsel and (2) for a

60-day stay to facilitate Lora's efforts to retain new counsel. Dkts. 33–35 (setting out the

reasons for these requests in a properly sealed, *ex parte* declaration, to protect attorney-client

confidentiality). On February 6, 2026, the Court ordered defendants to state their position on

these requests. Dkt. 36. It also ordered Lora, with his current counsel's assistance, to file a

response stating whether he opposed his counsel's request to withdraw. *Id.* Defendants did not

oppose. Dkt. 37. On February 25, 2026, after an extension, Lora's counsel filed a letter, stating

that they had been unable to obtain their client's position on the withdrawal motion, despite

having had "two phone calls with him and answer[ing] all his questions, and then follow[ing]-

up." Dkt. 42 at 1.

On March 3, 2025, the Court ordered Lora, with his current counsel's assistance, to file

(1) a motion for permission to file via ECF and (2) a notice of appearance on the docket of this

case by March 16, 2026. Dkt. 43. It also ordered Lora's counsel to serve a copy of the order on

Lora forthwith and file proof of service, *id.*, which Lora's counsel did, Dkt. 44. On March 16, 2026, Lora's counsel filed another letter, stating that they had sent Lora the required forms to file by ECF and enter his notice of appearance, and followed up by text messaging and calling his cellphone, which they knew to be functional. Dkt. 45 at 1. Lora, the letter stated, did not respond to this outreach. *Id.*

On March 23, 2026, the Court *sua sponte* extended, to April 3, 2026, Lora's deadline to request permission to file by ECF and enter a notice of appearance. Dkt. 46 at 2. It also stated: "If Mr. Lora does not comply with this Order, the Court will dismiss the Amended Complaint without prejudice." *Id.* It directed Lora's current counsel to serve this order on him and file proof of service on the docket, which it did. Dkt. 47.

To date—*i.e.*, a week after his already-extended deadline to do so—Lora has not requested ECF filing permission or entered a notice of appearance in this case. The Court thus dismisses the Amended Complaint, without prejudice, based on Lora's failure to prosecute. *See, e.g.*, *Royall v. City of Beacon*, No. 24 Civ. 3, 2024 WL 5146126, at *2 (S.D.N.Y. Dec. 17, 2024) (dismissing case for failure to prosecute after plaintiff repeatedly disregarded court orders); *Wingate v. Ctr.*, No. 12 Civ. 2134, 2014 WL 3346319, at *1 (S.D.N.Y. July 1, 2014) (same); *White v. Westchester Cnty.*, No. 19 Civ. 3604, 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) (same). For avoidance of doubt, the Court grants Lora's counsel's request to withdraw, for the reasons stated in their *ex parte* declaration. *See* Dkt. 35. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 10, 2026
New York, New York